UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO FUNTANILLA, JR., | 1:10-CV-01946 LJO GSA HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| KELLY SANTORO, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections at Corcoran State Prison serving a 44 year term for his 1992 convictions in San Francisco County Superior Court. (See Exhibit A, Petition.)  Petitioner challenges a prison disciplinary hearing held on February 14, 2008, wherein Petitioner was found guilty of falsification of records or documents and assessed a 60-day loss of time credits. (See Exhibit B, Petition.)  Petitioner administratively appealed the decision; the final administrative appeal was denied on September 9, 2008. (See Exhibit E, Petition.)

Petitioner filed three collateral challenges in the state courts. On January 6, 2009, Petitioner

filed a petition for writ of habeas corpus in the Kings County Superior Court. (See Attachment 1, Petition.)  The superior court denied the petition on March 3, 2009. (Id.)  Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeals, Fifth Appellate District, on March 27, 2009. (Id.) The petition was summarily denied on May 1, 2009. (Id.)  Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court. (Id.) The petition was denied on September 17, 2009. (Id.)

On October 18, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court.

**DISCUSSION**

I.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).  The Court will conduct a preliminary review of the petition pursuant to its authority under Rule 4.

II.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on October 18, 2010, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). Therefore, the limitations period commenced on September 10, 2008, the day after Petitioner was informed that his final administrative appeal had been denied. Under Section 2244(d)(1)(D), Petitioner had one year until September 9, 2009, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  Petitioner did not file his federal petition until October 18, 2010, which was over one year after the limitations period had expired.

A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir.2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

In this case, Petitioner filed three collateral challenges in the state courts commencing with a petition for writ of habeas corpus in the Kings County Superior Court on January 6, 2009. At that time, 118 days of the limitations period had expired. Assuming the limitations period was tolled for the time the three petitions were pending in the state courts until the final petition was denied by the California Supreme Court on September 17, 2009, the statute of limitations resumed running on September 18, 2009. (See Cal. R. of Court § 8.532(b)(2)(c) (Decision of the California Supreme Court on a petition for writ of habeas corpus is final upon filing.)) With 247 days remaining (365 days - 118 days = 247 days), the limitations period expired on May 23, 2010. Petitioner did not file his federal petition until October 18, 2010. Accordingly, it is untimely by five months.

B. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.

814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner contends he should be given equitable tolling for the interval between the second state habeas petition and the third, because he was subjected to lockdowns and his legal materials were in storage. Assuming Petitioner is granted tolling for this interval, the petition remains untimely as the Court's time calculations remain unaffected.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition be dismissed with prejudice for violating the statute of limitations.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after date of service of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 10, 2011**                **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE